## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA, et al.,                    Case Number:  07-10953

        Plaintiffs,                    HON. MARIANNE O. BATTANI

v.

BCN SERVICES, INC., et al.,

        Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS/COUNTER-DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiffs/Counter-Defendants' (collectively "American Casualty") Motion for Summary Judgment.  (Doc. 47).  As stated on the record at a hearing held on January 11, 2010, the Court finds that the motion is well-founded as it pertains to Defendant/Counter-Plaintiffs' (collectively "BCN") counterclaims for breach of fiduciary duty.  The parties dispute whether Illinois or Michigan law applies, but the law of both jurisdictions states that there is no fiduciary relationship between an insurer and an insured.  See Fichtel v. Bd. of Dirs. of River Shore of Naperville Condo. Assoc., 907 N.E.2d 903, 912 (Ill. App. 2009); Hearn v. Rickenbacker, 364 N.W.2d 371, 372 (Mich. Ct. App. 1985).  Illinois does allow for the creation of a fiduciary duty, however, "where one party places trust and confidence in another, thereby placing the latter party in a position of influence and superiority over the former."  Fichtel, 907 N.E.2d at 912.  BCN argues that

American Casualty has such a position of influence and superiority over it because only American Casualty, as the insurer of BCN, could report certain information to the Michigan Workers' Compensation Placement Facility.  The Court finds, however, that American Casualty's obligation to report this information is so closely connected to its status as BCN's insurer that it does not create a separate fiduciary duty when there is no fiduciary relationship between an insurer and an insured.  Accordingly, even if the Court were to apply Illinois law as BCN urges, BCN has failed to establish a fiduciary relationship between itself and American Casualty.

Therefore, the Court **GRANTS** American Casualty's Motion for Summary Judgment as it pertains to BCN's counterclaims for breach of fiduciary duty.  But, for the reasons stated on the record at the January 11, 2010, hearing, the Court **DENIES** American Casualty's Motion for Summary Judgment as it pertains to the remaining claims and counterclaims.  In addition, the Court will allow BCN to amend its breach of contract counterclaim by January 19, 2010, so that it includes the allegations relating to CNA's failure to properly report information to the Michigan Workers' Compensation Placement Facility.

**IT IS SO ORDERED.**

                                            s/Marianne O. Battani
                                            MARIANNE O. BATTANI
                                            UNITED STATES DISTRICT JUDGE

Dated: January 12, 2010

## CERTIFICATE OF SERVICE

     Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

<u>s/Bernadette M. Thebolt</u>
Case Manager
